

FILED

November 6, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 12:59 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **MELINDA Y. WHITE,**<br>　　　　**Employee,** | ) )　**Docket No.:  2015-03-0364** |
| **v.** | )　**State File No.: 51810-2015** |
| **CARIS HEALTHCARE,**<br>　　　　**Employer,** | )　**Judge Lisa A. Knott** |
| **And** | ) |
| **UNITED HEARTLAND,**<br>　　　　**Insurance Carrier.** | ) ) |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This matter came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the Employee, Melinda White, pursuant to Tennessee Code Annotated section 50-6-239 (2014). The present focus of this case is whether Ms. White sustained a mental injury as a result of her July 2, 2015 work-related automobile accident. The central legal issue is whether Ms. White is entitled to a panel of psychologists for an evaluation of her alleged July 2, 2015 mental injury. For the reasons set forth below, the Court finds that Ms. White is entitled to a panel of psychologists.[1]

### History of Claim

Ms. White is a thirty-nine-year-old resident of Knox County, Tennessee. Caris Healthcare employed Ms. White as a home hospice care certified nursing assistant.

Ms. White was involved in a motor vehicle accident on July 2, 2015, when her car

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

hydroplaned and collided with a tractor-trailer. Caris provided a panel of physicians, and there is a dispute as to whether Ms. White individually selected Dr. John McElligott or if Caris directed her to select him. However, Ms. White signed the panel that contained the selection. (Ex. 6.) Dr. McElligott evaluated Ms. White on the date of injury, and his note contained the following:

> **Psychological Exam**: Hysterical, crying upon arrival and unable to remember the details of the accident.
>
> **Diagnosis**:
> **Impression**-Cervical Spine: Cervical Soft Tissue Injury
> **Impression**-Thoracic Spine: Soft Tissue Injury
> **Impression**-Lumbar Spine: Idiopathic Low Back Pain. Soft Tissue Injury[2]
> **Impression**-Hysterical reaction to traumatic event.
>
> **Treatment Plan**: Off Work-Referred to ERDP [Emergency Room Department]

(Ex. 3.)

Ms. White sought treatment at The University of Tennessee Medical Center Emergency Department (UT), where she was diagnosed with "Anxiety; Contusion; [and] Muscle spasm." (Ex. 2.) Ms. White returned to Dr. McElligott's office on July 9, 2015, and Physician Assistant Ronald Flowers examined her. PA Flowers noted the following:

> The patient states her anxiety level has gone through the roof and she has been having some panic attacks when in the car. Feels terrified about being on the interstate and having issues with being in the car and states she feels like she "freaks out." Patient feels she needs counseling or something to help her to be able to not be so traumatized by being in a vehicle. Her job requires her to drive to client's [sic] homes. Admits she has been having nightmares since the accident that wake her up. Patient cried during interview with tech.
>
> Treatment Plan: May perform normal work activity/full duty. From a physical standpoint, the patient has been released to return to work. The patient was started on Ativan by the ER physician for the emotional trauma which the patient states has not addressed her current state. This patient may need further evaluation from this standpoint, but [that] is something that we cannot offer her in this setting.

---

[2] The ICD codes were omitted from the quote.

(Ex. 3.)

On August 12, 2015, Adjuster Rhonda Thornton sent a letter to Dr. McElligott that included the following questions:

- "Did Melinda White report to you a medical history including pre-existing anxiety and/or depression?" Dr. McElligott marked "No" and wrote "See first note by me."

- "Did Melinda White sustain a psychological or psychiatric injury as a result of her motor vehicle accident on July 2, 2015?" Dr. McElligott marked "No" and wrote, "Call me if needed."

*Id.*

Ms. White filed a Petition for Benefit Determination seeking medical and temporary disability benefits. (T.R. 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (T.R. 2.) Ms. White filed a Request for Expedited Hearing (T.R. 3), and this Court heard the matter on October 14, 2015. At the Expedited Hearing, Ms. White asserted that she sustained a mental injury as a result of the work accident and would like to get counseling. Caris countered that Ms. Webb reached maximum medical improvement a week after the accident, and the authorized treating panel physician opined there was no mental injury.

### Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[3] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015

---

[3] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

For injuries on or after July 1, 2014, an employee must show that she suffered an accidental injury caused by an incident, or specific set of incidents, arising primarily out of and in the course and scope of employment, and identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(13)(A) (2014). "Arising primarily out of and in the course and scope of employment" requires a showing, to a reasonable degree of medical certainty, that the injury causing disablement or the need for medical treatment contributed more than 50% considering all causes. Tenn. Code Ann. § 50-6-102(13)(C) (2014). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes. Tenn. Code Ann. § 50-6-102(13)(D) (2014).

Ms. White testified that the accident "scared the life" out of her and she thought she "was going to die." She stated she was in shock following the accident. She was out of work from July 2 until August 16, 2015. She said she is afraid to drive on the interstate and is afraid of "18-wheelers." She candidly acknowledged she has improved somewhat but still feels she would benefit from additional counseling. With regard to a pre-existing history of depression and anxiety, Ms. White said she experienced some post-partum depression approximately eleven years ago and experienced some anxiety after the passing of some family members. However, she stated she had not been on any medication for anxiety for the year prior to the accident. The Court finds Ms. White to be honest and credible.

Tennessee law has long held that medical testimony is not to be "read and evaluated in a vacuum." *Thomas v. Aetna Life & Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991). Instead, the medical proof "must be considered in conjunction with the lay testimony of the employee as to how the injury occurred and the employee's subsequent condition." *Id.* At the first visit with Dr. McElligott on the date of injury, he noted Ms. White was hysterically crying on arrival and, in addition to his physical impressions, he noted an impression of, "[h]ysterical reaction to [a] traumatic event." At UT, Ms. White was diagnosed with anxiety, contusions, and muscle spasms. On July 9, 2015, PA Flowers noted that Ms. White may need further evaluation with regard to her "emotional trauma."

While Dr. McElligott responded to the adjuster's letter that Ms. White did not sustain a psychological injury as a result of the automobile accident, the basis for his opinion is unclear and seems contradictory to the medical records in this case. There is no reference in Dr. McElligott's answer to the adjuster's questions as to his consideration of anything other than the adjuster's question itself. In fact, when Dr. McElligott saw

Ms. White on the date of injury, he noted, "Past Medical History: Depression and Anxiety." However, he responded, "No" when the adjuster asked if Ms. White reported to him a medical history of pre-existing anxiety and/or depression. Dr. McElligott's answer to this question is contradictory to the information contained in his own medical note, which raises a question as to the validity of his responses.

Therefore, at this interlocutory stage, Ms. White has presented sufficient evidence of a mental injury arising primarily out of the automobile accident that occurred in the course and scope of her employment to entitle her to a panel of psychologists. However, there is insufficient information before the Court to make a determination with regard to temporary total disability benefits at this time.

In making its findings, this Court is aware of Tennessee Code Annotated section 50-6-102(E) that states that the opinion of "the treating physician, selected by the employee from the employer's designated panel of physicians . . . shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." The combination of Ms. White's testimony, the information contained in the medical records referenced herein, and the previously stated flaws in Dr. McElligott's responses, provide a sufficient rebuttal of Dr. McElligott's opinion at this interlocutory stage.

**IT IS, THEREFORE, ORDERED** as follows:

1. Medical care for Ms. White's injuries shall be paid and Caris Healthcare or its workers' compensation carrier shall provide Ms. White with medical treatment for these injuries as required by Tennessee Code Annotated section 50-6-204 (2014), to be initiated by Caris Healthcare or its workers' compensation carrier providing Ms. White with a panel of psychologists.

2. There is insufficient information before the Court to make a determination with regard to temporary total disability benefits at this time.

3. This matter is set for an Initial (Scheduling) Hearing on January 19, 2016 at 9 a.m. Eastern.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 6th day of November, 2015.**

_____
**Judge Lisa A. Knott**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Lisa A. Knott, Court of Workers' Compensation Claims. You must call 865-594-0109 or toll-free at 855-383-0003 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk _within seven business days_ of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

<u>Exhibits:</u>

- EXHIBIT 1: Affidavit of Melinda White;
- EXHIBIT 2: Medical Records of University of Tennessee Medical Center;
- EXHIBIT 3: Medical Records of dr. John McElligott, Occupational Health;
- EXHIBIT 4: Notice of Controversy, Form C27;
- EXHIBIT 5: Tennessee Electronic Traffic Crash report;
- EXHIBIT 6: Panel of Physicians, Form C-42;
- EXHIBIT 7: FMLA Questionnaire;
- EXHIBIT 8: Wage Statement, Form C41;
- EXHIBIT 9: First Report of Work Injury, Form C20

<u>Technical record:</u>[4]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Notice of Filing of Medical Bills and Medical Records

---

[4] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 6th day of November, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Melinda Y. White, Employee | X | | X | 2639 Saint James Street Knoxville, TN 37920 Melindabranner6@gmail.com |
| Cole B. Stinson, Esq. Employer's Counsel | | | X | Cole.stinson@accidentfund.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**